**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **V.** | : | **CRIMINAL NUMBER 25-206** |
| | : | |
| | : | |
| **HERNAN MOLINA-PEREZ** | : | |

## DEFENDANT'S SENTENCING MEMORANDUM

Hernan Molina-Perez, by and through counsel, Jesse Smith, Assistant Federal Defender, submits this memorandum to aid the Court in sentencing in the above-captioned case. Mr. Molina-Perez understands and acknowledges the offense he committed, and he understands that in addition to sentencing from this Court, he will be subject to immigration proceedings that will likely result in his deportation from the United States.

Mr. Molina-Perez's plea will be entered pursuant to Federal Rule of Criminal Procedure 11, with an agreement between the parties that he waives prosecution by Indictment, and the government will make a sentencing recommendation at the low end of the applicable sentencing guideline range.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Mr. Molina-Perez was arrested by the Department of Homeland Security – Immigration and Customs Enforcement (ICE) on April 4, 2025. On that same date, Mr. Molina-Perez had his initial appearance before the U.S. Magistrate Judge Jose R. Arteaga, who ordered Mr. Molina-Perez's pretrial detention. On May 12, 2025, the U.S. Attorney's Office for the Eastern District of Pennsylvania returned a one count Information charging Mr. Molina-Perez with Reentry after deportation, in violation of 8 U.S.C. § 1326(a). Mr. Molina-Perez will appear before the Honorable Chad F. Kenney on June 26, 2025, to enter a guilty plea and for sentencing.

## II.   **HERNAN MOLINA-PEREZ'S PERSONAL HISTORY**

Mr. Molina-Perez was born on August 15, 1981, in Honduras. He grew up "very poor" in a rural area of the country. There was a lot of violence in the area where he grew up, and several of his family members were murdered. Mr. Molina-Perez did not attend school as a child, (although he later learned to read as an adult), and he worked in the fields and in a furniture shop. Job opportunities were very scarce.

Mr. Molina-Perez's parents, as well as two of his siblings still live in Honduras. Mr. Molina-Perez has sent money home to help support his family when he was able. During his time in the United States, Mr. Molina-Perez has worked primarily in the construction field, although his most recent employment was at a local mini-market. Mr. Molina-Perez has been in a relationship with his girlfriend Katie Villanueva for 13 years and they share a 10-year-old son; Mr. Molina-Perez also helped to raise Ms. Villanueva's two older sons, who he considers his own. PSR ¶ 34-37.

## III.   **THE SENTENCING GUIDELINE RANGE AND THE PLEA AGREEMENT**

As indicated in PSR ¶ 42, a total offense level is 6, and criminal history category of I yields a guideline range of 0 to 6 months.

As noted above, per the plea agreement, the government will recommend a sentence at the low end of the sentencing guidelines. This plea agreement takes into account Mr. Molina-Perez's acceptance of responsibility and the understanding that he is facing likely deportation. The plea agreement also provides the certainty of a conviction in this case and promotes the interests of justice.

## IV.   **A SENTENCE OF TIME SERVED IS SUFFICIENT, BUT NOT GREATER THAN NECESSARY, TO MEET THE 18 U.S.C. § 3553(a) FACTORS**

Under 18 U.S.C. § 3553(a)(1), the Court must impose a sentence that is sufficient, but not

greater than necessary to promote statutory objectives, while considering the history and characteristics of the defendant; this is drafted in broad language which would allow the Court to consider factors not enumerated in the sentencing guidelines.

In summary, there is no dispute that Mr. Molina-Perez's offense is serious. He was aware that he had been removed from the United States, and he returned without going through the proper channels. As noted above, Mr. Molina-Perez understands and accepts that after he has completed his sentence in this case, he will be subject to immigration proceedings and will most likely be deported to his native Honduras. Even with that knowledge, he still has chosen to accept responsibly for his actions. Mr. Molina-Perez grew up very poor and sought a better life in America. While the nature of his return to the United States was illegal, it appears that Mr. Molina-Perez has spent the vast majority of his time in this country simply working and trying to help support his family the best that he is able.[1]

By the time of his sentencing, Mr. Molina-Perez will have been in federal custody for almost three months. He has not incurred any violations while in custody. A sentence of time served takes into account the amount of time he has served, as well as the fact that he will go into ICE custody upon his release. Given these circumstances, a time served sentence reflects the seriousness of the offense, while promoting respect for the law, providing just punishment and adequate deterrence. The public will be protected from the potential of any future crimes of Mr. Molina-Perez, because he is not likely to be released before his immigration proceedings. Given the posture of this case, there is not a need to provide Mr. Molina-Perez with educational or vocational training. Restitution is not applicable in this case. The range of sentences statutorily available to the Court are listed in Part D of the PSR.

---

[1] While Mr. Molina-Perez was arrested on local charges in November 2024, that matter is still pending and he is presumed to be innocent.

## V.  <u>CONCLUSION</u>

For all the reasons cited herein, as well as any which may become apparent to the Court at the sentencing hearing, the defense respectfully requests the Court accept the plea agreement and impose a sentence of time served in this case.

Respectfully submitted,


*/s/ Jesse Smith*
JESSE SMITH
Assistant Federal Defender

**<u>CERTIFICATE OF SERVICE</u>**

I, Jesse Smith, Assistant Federal Defender, Federal Community Defender Office for the

Eastern District of Pennsylvania, hereby certify that I have caused a copy of Defendant's

Sentencing Memorandum, to be filed and served electronically through the Eastern District

Clerk's Office Electronic Case Filing ("ECF") upon:

Judy Smith
Assistant United States Attorney
United States Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, Pennsylvania 19106.

*/s/ Jesse Smith*
JESSE SMITH
Assistant Federal Defender

DATE: June 20, 2025